UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS - BOSTON

Ryan Manning
rmanningboston@gmail.com
    Plaintiff,

**Case #**
**Judge:**

CIVIL RIGHTS COMPLAINT:
42 U.S.C. § 1983: FIRST, FOURTH,
NINTH AMENDMENT,
MASSACHUSETTS CONSTITUION:
ARTICLE I, II, X

vs.

WHOLE FOODS MARKET GROUP INC.,
JOHN P. MACKEY [CEO WHOLE FOODS MARKET],
DAVID J. FILIPPONE [Head Manager WHOLE FOODS],
GREG PALLADINO [Manager]
    Defendants.

_____/

### COMPLAINT

  Ryan Manning sues John P. Mackey [CEO Whole Foods], David J. Filippone, Greg Palladino and Whole Foods Market Group Inc. for compensatory and money damages resulting from deprivation of rights, and injunction to be able to shop at Whole Foods without wearing a mask, being harassed and discriminated against.

1

## JURISDICTIONAL ALLEGATIONS

1. This is an action for money damages in excess of $15,000. [Explained below.]

2. At all times material to this lawsuit, John P. Mackey was the Chief Executive Officer for Whole Foods Market Group Inc. and ultimately responsible for the policies and procedures enforced at the Dedham Whole Foods location.

3. At all times material to this lawsuit, David J. Filippone was the Head Manager at the Dedham Massachusetts Whole Foods Market location.

4. At all times material to this lawsuit, Greg Palladino was a Manager at the Dedham Massachusetts Whole Foods Market location.

5. All acts necessary or precedent to the bringing of this lawsuit occurred or accrued in Dedham Massachusetts.

6. Federal courts are authorized to hear cases brought under section 1983 pursuant to two statutory provisions: 28 U.S.C.A. § 1343(3) (1948) and 28 U.S.C.A. § 1331 (1948).

7. This Court has jurisdiction.

## GENERAL FACTUAL ALLEGATIONS

1. Plaintiff walked into the Dedham Whole Foods Market January 4th, 2021.
2. Plaintiff was stopped by a staff member and told that he needed to wear a mask.
3. Plaintiff told them that he did not need to wear a mask and that it was unconstitutional.
4. The staff member said that it was Whole Foods store policy that Plaintiff needed to wear a mask in order to come in.
5. Plaintiff explained that it was in direct violation of the federal laws and that they could be held personally liable for committing federal crimes.
6. The staff member called the manager to come talk to Plaintiff.
7. Plaintiff waited for Greg Palladino (Manager) and David J. Filippone (Head Manager) to come over.

2

8. Greg Palladino and David J. Filippone explained that Plaintiff needed to wear a mask in order to shop because it was Whole Foods new policy.
9. Plaintiff informed Greg Palladino and David J. Filippone that the Whole Foods policy is in direct violation of the Civil Rights Act of 1964.
10. Greg Palladino and David J. Filippone said the law didn't matter and that they still needed to uphold Whole Foods store policy even though it went against federal law.
11. Plaintiff made it extremely clear that he would hold them personally liable for violating federal laws.
12. Greg Palladino and David J. Filippone wouldn't allow Plaintiff in to shop without a mask.
13. Plaintiff called the police and waited outside for them to arrive.
14. Officer John Rinn showed up and Plaintiff greeted him outside.
15. Plaintiff explained that he was being denied entry for not wearing a mask.
16. Plaintiff explained to Officer Rinn that this was a direct violation of the Civil Rights act of 1964 and was discrimination.
17. Plaintff told the police he wanted to make a citizen's arrest.
18. David J. Filippone offered to go shopping for Plaintiff.
19. Plaintiff told David J. Filippone that he didn't accept his offer and that he wanted equal and fair access to go shopping for himself.
20. David J. Filippone said he had to protect the health of the other customers.
21. Plaintiff told David J. Filippone that Plaintiff was not a direct threat.
22. Plaintiff provided a print out of Title 3 of the U.S. Civil Rights Act showing that he was in fact NOT a "direct threat" and had every right to fair and equal access to the facility without being discriminated against.
23. David J. Filippone offered to let Plaintiff shop if he underwent a health screening and a temperature check.
24. Plaintiff told David J. Filippone that he had no right to give Plaintiff a health screening.
25. Plaintiff explained to David J. Filippone that since no one at Whole Foods was a qualified medical professional, that asking Plaintiff to undergo a health screen is in direct violation of Massachusetts law 112 chapter 6.
26. Plaintiff asked the police for a police report [See Exhibit A] with all the details so he could file a lawsuit against Whole Foods and the two managers for willfully and actively denying him service and discriminating

3

against him while also practicing medicine without a medical licsense.
27. On January 12th 2021 Plaintiff sent out a 'Presumptive Letter' [See Exhibit B] to the Whole Foods headquarters in Austin Texas addressed to John P. Mackey via certified mail [See Exhibit C].
28. In the 'Presumptive Letter', Plaintiff explained the federal laws that Whole Foods policies are violating.
29. The 'Presumptive Letter' has two presumptive paragraphs that contain lawful notice and warning that the claims and charges Plaintiff made in the letter must be rebutted within 14 days of receipt and that failure to rebut, is admission to all of the claims and charges.
30. Plaintiff never received a response to the 'Presumptive Letter'.
31. On February 3rd, 2021 Plaintiff sent out an 'Affidavit of Truth' [See Exhibit D] to the Whole Foods headquarters in Austin Texas addressed to John P. Mackey via certified mail [See Exhibit C].
32. On February 3rd, 2021 Plaintiff sent out an 'Affidavit of Truth' [See Exhibit E] to the Whole Foods in Dedham addressed to David J. Filippone via certified mail [See Exhibit C].
33. On February 3rd, 2021 Plaintiff sent out an 'Affidavit of Truth' [See Exhibit F] to the Whole Foods in Dedham addressed to Greg Palladino via certified mail [See Exhibit C].
34. John P. Mackey did not send a letter back within the 14 day time limit to rebut any of the facts in the Affidavit.
35. John P Mackey tacitly agrees to all the stated facts within the affidavit.
36. David J. Filippone did not send a letter back within the 14 day time limit to rebut any of the facts in my Affidavit.
37. David J. Filippone tacitly agrees to all the stated facts within the affidavit.
38. Greg Palladino did not send a letter back within the 14 day time limit to rebut any of the facts in my Affidavit.
39. Greg Palladino tacitly agrees to all the stated facts within the affidavit.
40. On April 1, 2021 Plaintiff sent out a 'Notice of Default' [See Exhibit G] to the Whole Foods headquarters in Austin Texas addressed to John P. Mackey via certified mail [See Exhibit C].
41. On April 1, 2021 Plaintiff sent out a 'Notice of Default' [See Exhibit H] to the Whole Foods Dedham Massachusetts location addressed to David J. Filippone via certified mail [See Exhibit C].
42. On April 1, 2021 Plaintiff sent out a 'Notice of Default' [See Exhibit I] to the

Whole Foods Dedham Massachusetts location addressed to Greg Palladino via certified mail [See Exhibit C].
43. John P. Mackey did not respond to the 'Notice of Default'.
44. David J. Filippone did not respond to the 'Notice of Default'.
45. Greg Palladino did not respond to the 'Notice of Default'.
46. The Whole Foods Market Corporation has no legal authority to tell Plaintiff what to do with his body.
47. Plaintiff's body is his biological property.
48. Whole Foods policy requires everyone entering the store to wear a mask.
49. Whole Foods policy denies service to anyone who refuses to wear a mask.
50. Whole Foods is a retail food marketplace that is open to the public.
51. Whole Foods is a 'public accommodation' as defined by Federal law 42 U.S.C. §2000a(a) and 42 U.S.C. §2000a(b)
52. Plaintiff's religion prevents him from wearing a mask.
53. Plaintiff has a religious belief that the masks are part of a satanic ritual that he refuses to be apart of.
54. Plaintiff has a religious belief that he cannot slowly commit suicide by lowering his immune system and depriving himself of oxygen.
55. Plaintiff's body is his temple and no one can tell him what to do with it or what to put on it.
56. Plaintiff's body is his private property.
57. Plaintiff is not a 'public threat'.
58. Plaintiff is a healthy man and poses no health risks to anyone.
59. Plaintiff has never been proven to be a 'direct threat' as defined in 42 U.S. Code § 12111(3).
60. Plaintiff filmed the whole entire interaction on his phone.
61. An unrebutted affidavit stands as fact and truth. [See Exhibit J]

62. An unrebutted affidavit stands as the truth in Commerce. [See Exhibit J]

63. An unrebutted affidavit becomes the judgment in Commerce. [See Exhibit J]

## COUNT ONE : TITLE 42 - U.S.C. SECTION 1983 - CIVIL RIGHTS ACTION FOR DEPRIVATION OF RIGHTS.

64. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.
65. Mask wearing is a well established Massachusetts state 'custom'.
66. Whole Foods policy is in accordance with the Massachusetts state 'custom' of mask mandates and regulations.
67. Plaintiff's right to freedom of religion is protected by the first amendment of the Constitution of the United States of America.
68. Plaintiff's right to freedom of speech is protected by the first amendment of the Constitution of the United States of America.

WHEREFORE Plaintiff demands judgment for compensatory damages against John P. Mackey, David J. Filippone, Greg Palladino and Whole Foods Market Group Inc., together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT TWO: TITLE 18 U.S.C. SECTION 242 - DEPRIVATION OF RIGHTS UNDER COLOR OF LAW.

69. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

WHEREFORE Plaintiff demands judgment for compensatory damages against John P. Mackey, David J. Filippone and Greg Palladino and Whole Foods Market Group Inc., together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT THREE: 42 U.S.C. § 2000A - PROHIBITION AGAINST DISCRIMINATION OR SEGREGATION IN PLACES OF PUBLIC ACCOMMODATION

70. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

71. Whole Foods is a "public accommodation" as defined in Title II of the Civil Rights Act, 42 U.S.C. §2000a(b).

72. Whole Foods is a "public accommodation" as defined in Title III of the Civil Rights Act, Reg 28 CFR §36.104

73. Whole Foods is prohibited from "denial of participation" as stated in Federal law 28 CFR §36.202.

74. Plaintiff was denied "participation" and "equal service" at Whole Foods according to Civil Rights Act Title III, Sections §36.202(a)(b)(c) and §36.203(a)(b)(c)

WHEREFORE Plaintiff demands judgment for compensatory damages against John P. Mackey, David J. Filippone and Greg Palladino and Whole Foods Market Group Inc., together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT FOUR: 42 U.S.C. §1985 - CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

75. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

WHEREFORE Plaintiff demands judgment for compensatory damages against John P. Mackey, David J. Filippone and Greg Palladino and Whole Foods Market Group Inc., together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT FIVE: CIVIL RIGHTS ACT OF 1964 - TITLE II—INJUNCTIVE RELIEF AGAINST DISCRIMINATION IN PLACES OF PUBLIC ACCOMMODATION

76. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

WHEREFORE Plaintiff demands judgment for injunctive relief and compensatory damages against John P. Mackey, David J. Filippone and Greg Palladino and Whole Foods Market Group Inc., together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT SIX: MASSACHUSETTS CHAPTER 112 SECITON 6 – UNAUTHORIZED OR UNREGISTERED PRACTICE OF MEDICINE

77. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.
78. The FDA regulates face masks, including cloth face coverings, and surgical masks as medical devices when they are marketed for medical purposes.
79. Medical purposes include uses related to COVID-19, such as face masks to help stop the spread of disease, surgical masks, and surgical masks with antimicrobial/antiviral agents.

WHEREFORE Plaintiff demands judgment for compensatory damages against John P. Mackey, David J. Filippone and Greg Palladino and Whole Foods Market Group Inc., together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT SEVEN: HARRASMENT

80. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

81. Plaintiff entered the Dedham Whole Foods Market January 4th, 2021 to peacefully shop and was stopped and told to wear a mask.

82. Plaintiff wasn't allowed in to shop without putting on a mask.

83. Plaintiff's shopping experience was completely interfered with and he was not able to shop for his food.

84. David J. David J. Filippone and Greg Palladino would not leave Plaintiff alone to go shopping on his own.

WHEREFORE Plaintiff demands judgment for compensatory damages against John P. Mackey, David J. Filippone and Greg Palladino and Whole Foods Market Group Inc., together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT EIGHT: FALSE IMPRISONMENT

85. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.
86. David J. David J. Filippone and Greg Palladino denied Plaintiff entry into the Whole Foods market which is a public accommodation.
87. David J. David J. Filippone and Greg Palladino restricted Plaintiff's freedom of movement into the Whole Foods Market.

WHEREFORE Plaintiff demands judgment for compensatory damages against John P. Mackey, David J. Filippone and Greg Palladino and Whole Foods Market Group Inc., together with such other and further relief as the Court may deem reasonable and just under the circumstances.

_____
Ryan Manning

283 Hillside Ave, Needham MA, 02494

rmanningboston@gmail.com

781.697.1180

### STATE OF MASSACHUSETTS, NORFOLK COUNTY

BEFORE ME personally appeared Ryan Manning who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged therein are true and correct according to his own personal knowledge.

_____ Date: 5/19/2021
Notary Public

My commission expires:

PASCALE MOUSSALLEM
Notary Public
Commonwealth of Massachusetts
My Commission Expires June 08, 2023